# Owen *v.* Beale.

*Bill to Restrain Unlawful Expenditure of Public Money.*

(DECIDED JAN. 18, 1906, 39 So. REP. 907.)

*Statute; Compensation of Officers; Appropriations; Repeal.*—
Section one, subdivision 36, general acts 1903, p. 50, by impli-
cation repeals section 7 of the act approved Feb. 27, 1901,
(Acts 1900-1901, p. 1201) appropriating to the director of the
Department of Archives and History, the sum of $700, in addi-
tion to his salary, for the maintenance of the Department of
Archives and History.

APPEAL from the City Court of Montgomery.
Heard before Hon. A. D. SAYRE.

This bill was filed by Jesse D. Beale, as a tax payer and
citizen of the State of Alabama, to restrain and enjoin
Thomas M. Owen, as director of the department of ar-
chives and history from applying for and expending $700
for the maintenance of said department of archives and
history, in addition to the sum of $2,500 carried by the
general appropriation bill. Thomas L. Sowell, as audi-

tor, and J. Craig Smith as treasurer were made parties defendant to the bill, and an injunction was sought against the one to restrain him from issuing his warrant for this amount, and against the other to restrain him from paying any warrant drawn by the auditor for this amount out of the state funds. The facts sufficiently appear in the opinion. From a decree enjoining each defendant perpetually as prayed in the bill, this appeal is prosecuted.

MASSEY WILSON, *Attorney-General,* for Appellant.— The note of testimony shows a submission by complainant on the pleadings and proof as noted, but the effect of this is simply a statement that the case is to be tried on the issues as made by the pleadings, and on the testimony as offered and noted. The note of submission in this case failing to note the answer as testimony in behalf of complainant, such answer and the admissions therein contained cannot be considered as testimony for complainant. Rule 76 of chancery practice is mandatory. —Code of 1896, Vol. 1, pp. 1218, 1219 and citations; 130 Ala., 575. It is a well settled rule of construction that a statute it not repealed by implication by a later enactment on the same subject unless it is clearly repugnant to the later act.—4 Mayfield's Digest, p. 858.

The general appropriation act of 1903 is not repugnant to the appropriation in the act of 1901, and it is, therefore, not necessarily repealed by implication. On the contrary, they are in entire harmony with each other. The act of 1903 shows the legislative intent to build up, increase and expand; not to destroy, eliminate or restrict. The most reasonable construction is one that favors the operation of both acts.—26 Am. & Eng. Ency. of Law, (2nd Ed.) p. 727, note 2. The appropriation contained in the act creating the department was a mere incident to the main purposes of the act, and rendered it in no wise an appropriation act, and even if the clause mentioned in the general appropriation act was intended to repeal an appropriation made for purposes other than legislative expenses, it is meant to repeal only those acts whose prime object is to make appropriations.—*State v.*

*Moore,* 37 Oregon 536; *Miller v. Edwards,* 8 Col. 528; *Board of Public Works,* 37 Neb. 425.

If there is repugnancy in the two appropriations, such repugnancy is only for the time covered by the general appropriation act, and the first act is not repealed, but merely suspended, or the appropriation merged, for the time covered by the later act of 1903.—*Riggs v. Brewer,* 64 Ala. 282.

W. L. MARTIN for appellee.—It is admitted that since the approval of the act of Feb. 13th, 1903, the department of archives and history has drawn from the state treasurer for maintenance of said department the additional sum of $700 to the sum of $2,500 appropriated by said act and the director claims the right to continue to do so under the provisions of section 7 of the act of Feb. 27th, 1901. The act of 1903, as well as all former general appropriations acts, contains the provision that no appropriation therein made shall be construed as an addition to the appropriation for the same purpose or purposes made by separate acts heretofore passed. Therefore the act of 1903 shows a clear legislative intent that it shall be the only rule governing in reference to the particular matter therein legislated about.—*Parker v. Herbert,* 64 Ala. 203; *Riggs v. Brewer,* 64 Ala. 283; *Gilmore v. State,* 125 Ala. 59, 63. The appropriation act of 1903 necessarily repeals section 7 of the former statute.

There is no reasonable ground for the contention that the act of 1903 merely suspends the appropriation made for the same purpose by the act of 1901. The doctrine laid down in *Riggs v. Brewer, supra,* has no application to this case. Under the operation of such a doctrine it is easy to imagine some of the complication that would arise in case of several successive and different appropriations for the same purpose.

DOWDELL, J.—The bill in this case is one by a taxpayer to restrain an alleged unlawful expenditure of public money. The amount which the bill charges as being unlawfully expended is the sum of seven hundred ($700.00) dollars per annum, which said sum, it is al-

leged, that the respondent, Thomas M. Owen, as director of archives and history, has received in payment from the state treasurer on the warrant drawn by the state auditor and claimed by the said Owen as an appropriation duly authorized by law for the maintenance of the department of archives and history.

The cause was submitted on the pleadings and proof and a decree was rendered by the city court, granting the relief sought by the bill. From this decree the present appeal is prosecuted.

By an act approved Feb. 27, 1901, (Acts 1900-01 p. 1197) the department of archives and history was created. By the third section of said act, the salary of the director was fixed in the sum of $1,800.00 per annum, and, "a continuing appropriation for said annual salary" was thereby made.

By the seventh section of said act it was provided "that in addition to the salary of the director hereinabove appropriated, the sum of seven hundred dollars annually is hereby appropriated for the maintenance of said department and the auditor is hereby authorized to draw his warrant on the state treasurer for the whole or any part of the said amount in such sums and in such manner as may be authorized by the board of trustees."

On the 13th day of February, 1903, the legislature passed the general appropriation act (Gen. Acts of Alabama 1903, p. 50) by the terms of which act it was provided in section 1, subdivision 36 as follows: "For the maintenance of the department of archives and history, twenty-five hundred dollars for each year to be used and expended as provided by the law governing said department."

By section 3 of said general appropriation act of 1903, it was provided that "no appropriation herein made shall be construed to be an addition to the appropriation for the same purpose or purposes made by separate acts heretofore passed, or that may be hereafter passed at this session, and provided further, that the appropriations for the same purposes or any of them in section 1 of the general appropriation act, approved December 13, 1900 shall be construed to be embraced in the appropriations

[Owen v. Beale.]

hereinbefore made in section 1 of this act and shall not be deemed an addition thereto."

The sole question is, whether the appropriation of the seven hundred ($700.00) dollars made under the act, approved February 27, 1901, was repealed by the subsequent general appropriation act of February 13, 1903.

On the authority of *Riggs v. Brewer*, 64 Ala. 283, we hold that the latter act of February 13, 1903, operated a repeal of the provision contained in the act of February 27, 1901, appropriating seven hundred dollars for the maintenance of the department of archives and history, and the decree appealed from must be affirmed.

Affirmed.

HARALSON, SIMPSON and DENSON, JJ., concur.